IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>vs.<br><br>NORTHTOWNE HOMEOWNERS ASSOCIATION, REHANA ULLAH, SHOUKAT ULLAH, AND DENISE HILL<br><br>      Defendants. | Case No.: 1:21-5495 |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), for its Complaint for Declaratory Judgment against the Defendants Rehana Ullah, Shoukat Ullah, Northtowne Homeowners Association and Denise Hill (collectively "Defendants") and states as follows:

## STATEMENT OF THE CASE

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201, that Nationwide owes no obligation to defend or indemnify the Defendants in connection with the pending Second Amended Complaint in the personal injury action captioned *Denise Hill v. Rehana Ullah, Skouath Ullah and Northtowne Homeowners Association*, Case No. 2021 L 6 in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois ("Underlying Lawsuit") (attached hereto as Exhibit A). As alleged herein, Nationwide does not owe the Defendants a duty to defend or a duty to indemnify as to the Underlying Lawsuit.

## PARTIES

2. Nationwide Mutual Insurance Company is a corporation organized and existing under the laws of Ohio with its principal place of business in Columbus, Ohio. It is therefore a citizen of Ohio.

3. Northtowne Homeowners Association ("Northtowne") is an Illinois not-for-profit corporation with its principal place of business in Illinois. It is therefore a citizen of Illinois.

4. Rehana Ullah is a resident of the State of Illinois and is therefore a citizen of Illinois.

5. Shoukat Ullah is a resident of the State of Illinois and is therefore a citizen of Illinois.

6. Denise Hill is the plaintiff in the Underlying Lawsuit and is named as an interested or necessary party in this complaint to be bound by the judgment herein. She is a resident of the State of Illinois and is therefore a citizen of Illinois.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the plaintiff is a citizen of Ohio and all of the defendants are citizens of Illinois.

8. Additionally, the amount in controversy exceeds $75,000.00 exclusive of costs and interest. In the Underlying Lawsuit, Denise Hill alleges permanent injury from exposure to "bacteria contained mold" and seeks at least $100,000, including at least $50,000 from Northtowne and at least $50,000 from Rehana Ullah and Shoukat Ullah (*See* Underlying Lawsuit, Second Amended Complaint attached hereto as Ex. A, Count I, ¶ 14 and "Wherefore" Clause on p. 4; Count II, ¶ 16 and "Wherefore" Clause on p. 7.) Both Northtowne and the Ullahs seek coverage

under the same Nationwide policies, and Nationwide claims herein that the $100,000 sought by Denise Hill in the Underlying Lawsuit is not covered under its policies. Thus, there is at least $100,000 in alleged indemnity at issue in this action, before even accounting for the amount of defense costs in controversy.

9. Nationwide additionally seeks a determination that it does not owe a duty to defend to either Northtowne or the Ullahs in the Underlying Lawsuit. The costs of defense in the Underlying Lawsuit are therefore also in controversy in the instant action. Given the allegations in the Underlying Lawsuit of permanent bodily injury caused by exposure to mold, the defense costs incurred by Northtowne and the Ullahs will be substantial as counsel for each of those parties will have to challenge the pleadings, conduct document and deposition discovery, engage and prepare expert witnesses, prepare dispositive motions, conduct a trial, and, if necessary, pursue any appeals. The defense costs in controversy will therefore also exceed the $75,000 jurisdictional minimum, even if Denise Hill was not seeking over $100,000 in damages from Northtowne and the Ullahs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

## BACKGROUND

### Underlying Lawsuit

11. On January 6, 2021, Denise Hill filed the Underlying Lawsuit against Rehana Ullah and Shoukat Ullah, incorrectly named as Skouath Ullah. On April 16, 2021, Ms. Hill filed an amended complaint adding Northtowne Homeowners Association as a defendant. On August 3,

2021, Ms. Hill filed a second amended complaint with additional allegations ("Complaint"). (*See* Ex. A.)

### Underlying Allegations Against the Ullahs

12. The Complaint alleges that between April 15, 2019 and October 15, 2020, the Ullahs managed, maintained and controlled Apartment B located at 214 Linn Court, Aurora, IL 60502 ("Apartment"). (*See* Ex. A, Count I, ¶ 3.)

13. The Complaint alleges that the Ullahs were present in the apartment, and in their presence, knew, or in the exercise or ordinary care, should have known that the Apartment was in a dangerous condition. (*See* Ex. A, Count I, ¶ 5.)

14. The Complaint also alleges that during the same aforementioned period, the Ullahs knew, or in the exercise of ordinary care should have known, that there was a continuing presence of "existing filthy, dirty and nasty bacteria contained mold in and throughout the Apartment and that said condition was a dangerous hazard." (*See* Ex. A, Count I, ¶ 6.)

15. The Complaint alleges that the Ullahs knew or in the exercise of ordinary care should have known that residents would be exposed to the bacteria present in the mold and that the residents were not aware of the potential health risk presented in the bacteria filled mold. (*See* Ex. A, Count I, ¶ 7.)

16. Additionally, the Complaint alleges that Denise Hill notified the Ullahs of the aforesaid dangerous condition and that the mold in the apartment existed for a sufficient period of time as to have been discovered by the Ullahs, had they exercised due care in the possession, control, management and maintenance of the apartment. (*See* Ex. A, Count I, ¶¶ 8-10.)

17. As a direct and proximate cause of the Ullahs' negligent acts, Denise Hill alleges that she was exposed to bacteria filled mold and was caused to suffer an infection. (*See* Ex. A, Count I, ¶ 8-10.)

18. As a result of the Ullahs' alleged conduct, Denise Hill asserts that she sustained permanent pain and suffering, suffered permanent loss to her normal life, lost wages or other income, became liable for large sums of money endeavoring to be cured of her pain, suffering and injuries, and in the future will become liable for a large sum of money endeavoring to be cured of her pain, suffering and injuries, resulting in great economic and non-economic damages to her. (*See* Ex. A, Count I, ¶ 14.)

**Underlying Allegations Against Northtowne**

19. The Complaint also alleges that during the aforementioned time, Northtowne, by and through its duly authorized employees, agents, and/or representatives managed and maintained the common areas around and adjacent to the Apartment. (*See* Ex. A, Count II, ¶ 1.)

20. The Complaint alleges that Northtowne was present in the common areas around and adjacent to the Apartment, including walkways, hallways, vents, and in its presence, knew, or in the exercise or ordinary care, should have known that the common areas around and adjacent to the Apartment were in a dangerous condition. (*See* Ex. A, Count II, ¶¶ 4-5.)

21. Denise Hill alleges during the same aforementioned period, that Northtowne knew, or in the exercise of ordinary care should have known, that there was a continuing presence of, "existing filthy, dirty and nasty bacteria contained mold in and throughout the common areas around and adjacent to the apartment, and that said condition was a dangerous hazard." (*See* Ex. A, Count II, ¶ 6.)

22. Denise Hill also alleges that Northtowne knew or in the exercise of ordinary care should have known that residents, including her, were unaware of the presence of mold in the common areas and the potential health risk presented and would be exposed to the bacteria present in the mold in her apartment. (*See* Ex. A, Count II, ¶ 9.)

23. Denise Hill alleges that she notified Northtowne of the aforesaid dangerous condition and that the mold in the Apartment existed for a sufficient period of time as to have been discovered by Northtowne, had it exercised due care in the possession, control, management and maintenance of the common areas. (*See* Ex. A, Count II, ¶¶ 10-12.)

24. As a direct and proximate cause of Northtowne's negligent acts, Denise Hill alleges that she was exposed to bacteria filled mold and was caused to suffer an infection. (*See* Ex. A, Count II, ¶ 11.)

25. As against Northtowne, Denise Hill asserts that she sustained permanent pain and suffering, suffered permanent loss to her normal life, lost wages or other income, became liable for large sums of money endeavoring to be cured of her pain, suffering and injuries, and in the future will become liable for a large sum of money endeavoring to be cured of her pain, suffering and injuries, resulting in great economic and non-economic damages to her. (*See* Ex. A, Count II, ¶ 16.)

**Nationwide's Policies**

26. Nationwide issued to Northtowne the following Premier Businessowners Policies which have been attached hereto as Exhibits B through D ("the Policies"):

| Policy Number | Policy Period | Exhibit |
|---|---|---|
| ACP BPH 3037239522 | 08/20/2018 to 08/20/2019 | B |
| ACP BPH 3047239522 | 08/20/2019 to 08/20/2020 | C |

| ACP BPH 3057239522 | 08/20/2020 to 08/20/2021 | D |
|---|---|---|

27. Subject to all of their terms, conditions and exclusions, the Policies provide coverage for damages because of "bodily injury", "property damage" and "personal and advertising injury", stating as follows:

> I. COVERAGES
>
> A. COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. INSURING AGREEMENT
>
> *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.*
>
> \*\*\*
>
> *b. This insurance applies to "bodily injury" and "property damage" only if:*
>
> *1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*
>
> *2) The "bodily injury" or "property damage" occurs during the policy period.*
>
> \*\*\*
>
> B. COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY
>
> 1. INSURING AGREEMENT
>
> *a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.*
>
> \*\*\*

28. The Policies contain a Who Is An Insured Provision that states as follows:

> II. WHO IS AN INSURED
>
> 1. If you are:
>
> \*\*\*
>
> An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive offers" and directors are insureds but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
> \*\*\*

29. Coverage under the Policies is also subject to certain exclusions. Specifically, the Policies contain an exclusion for Medical Payments which states as follows:

> 2. EXCLUSIONS
>
> We will not pay expenses for "bodily injury":
>
> c. Injury On Normally Occupied Premises
>
> To a person injured on that part of premises you own or rent that the person normally occupies.
>
> \*\*\*
>
> g. Coverage A Exclusions
>
> Excluded under COVERAGE A.
>
> \*\*\*

30. The Policies also contain the following Fungi or Bacteria Exclusion which states as follows:

> This endorsement modifies insurance provided under the following:
>
> PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM
>
> A, In Section I. COVERAGES, COVERAGE A -BODILY INJURY AND PROPERTY DAMAGE LIABILITY, under paragraph 2. EXCLUSIONS, the following exclusions are added:
>
> This insurance, including any duty we have to defend "suits", does not apply to:
>
> Fungi or Bacteria

8

    a. *"Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for:*

    *1) The actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents; or*

    *2) The failure to warn or to disclose the presence of "fungi" or bacteria;*

    *regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.*

    *b.  Any loss, cost or expenses arising out of the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*

  *HOWEVER, this exclusion does not apply to any "fungi" or bacteria that are, are on or are contained in, a good or product intended for bodily digestion.*

 *B. In Section I. COVERAGES, COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, under paragraph 2. EXCLUSIONS, the following exclusions are added:*

*This insurance, including any duty we have to defend "suits", does not apply to:*

*Fungi or Bacteria*

    *a.  "Personal and advertising injury" which would not have occurred, in whole or in part, but for:*

    *1) The actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents; or*

    *2) The failure to warn or to disclose the presence of "fungi" or bacteria;*

    *regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.*

    *b.  Any loss, cost or expenses arising out of the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*

  *C. In Section V. DEFINITIONS the following definition is added:*

  *"Fungi" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.*

***

31. The Condominium Association Coverage form provides:

  *1. The following is added to Section II. WHO IS AN INSURED:*

  *Each individual unit-owner of the insured condominium, but only for liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit-owner's exclusive use or occupancy.*

**COUNT I—DECLARATORY JUDGMENT**
**(Declaration of No Duty to Defend)**

32. Nationwide incorporates Paragraphs 1 through 31 above as though fully set forth herein.

33. Nationwide does not owe a duty to defend under the Policies for the Underlying Lawsuit for the following reasons:

  a. The Underlying Lawsuit does not allege "bodily injury" arising out of an "occurrence."

  b. The Underlying Lawsuit does not allege "property damage" arising out of an "occurrence."

  c. The Underlying Lawsuit does not allege "personal and advertising injury" caused by an offense.

  d. Even if the Underlying Lawsuit did allege "bodily injury", "property damage", or "personal and advertising injury", the exclusion pertaining to the Fungi or Bacteria Exclusion serves to bar coverage under the Policies.

    e.    Even if the Underlying Lawsuit did allege "bodily injury", the exclusion for Medical Payments for "bodily injury" related to Injury on Normally Occupied Premises would apply.

    f.    Rehana Ullah and Shoukat Ullah do not qualify as insureds under the Policies.

## COUNT II—DECLARATORY JUDGMENT
**(Declaration of No Duty to Indemnify)**

34.    Nationwide incorporates Paragraphs 1 through 33 above as though fully set forth herein.

35.    Nationwide does not owe a duty to indemnify under the Policies for the Underlying Lawsuit for the following reasons:

    a.    The Underlying Lawsuit does not allege "bodily injury" arising out of an "occurrence."

    b.    The Underlying Lawsuit does not allege "property damage" arising out of an "occurrence."

    c.    The Underlying Lawsuit does not allege "personal and advertising injury" caused by an offense.

    d.    Even if the Underlying Lawsuit did allege "bodily injury", "property damage", or "personal and advertising injury", the exclusion pertaining to the Fungi or Bacteria Exclusion serves to bar coverage under the Policies.

    e.    Even if the Underlying Lawsuit did allege "bodily injury", the exclusion for Medical Payments for "bodily injury" related to Injury on Normally Occupied Premises would apply.

    f.    Rehana Ullah and Shoukat Ullah do not qualify as insureds under the Policies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Nationwide Mutual Insurance Company, respectfully requests that judgment be entered in its favor and against the defendants as follows:

A. Declaring that Nationwide Mutual Insurance Company owes no duty to defend and no duty to indemnify with regard to the lawsuit styled *Denise Hill v. Rehana Ullah, Skouath Ullah and Northtowne Homeowners Association*, Case No. 2020 L 6 in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois;

B. Awarding Nationwide Mutual Insurance Company the costs of this suit; and

C. Awarding Nationwide Mutual Insurance Company such other and further relief as this Court deems just.

        Respectfully Submitted,

        NATIONWIDE MUTUAL INSURANCE COMPANY


        By:    /s/ *Daniel J. Cunningham*
                One of Its Attorneys

Daniel J. Cunningham
Tressler LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
(312) 627-4000
dcunningham@tresslerllp.com
*Attorney for Plaintiff Nationwide Mutual Insurance Company*